UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| v. | § |
| GILBERTO VILLARREAL-ARELIS, ET. AL | § Crim. Action No. SA-16-CR-254-XR |
| *Defendants*, | § |

**ORDER**

On this day came on to be considered the status of this case.

**Background**

On April 6, 2016, a Grand Jury returned a nine count indictment against 21 individuals and businesses. Gilberto Villarreal-Arelis and four other individuals were charged with conspiracy to distribute cocaine. Gilberto Villarreal-Arelis remains at large. The remaining 16 defendants are charged with wire fraud affecting a financial institution, conspiracy to launder monetary instruments, and/or conspiracy to structure transactions to evade reporting requirements.

In this case the Government alleges that brothers Gilberto Villarreal-Arelis, Jose Luis Villarreal-Arelis, and Juan Villarreal-Arelis led a drug trafficking organization. The Government alleges that the other defendants in this case are related to the Villarreal family and assisted the DTO. The Government alleges that the DTO has trafficked in an estimated $800 million of illegal narcotics and that profits from this activity are used to purchase farmland, ranches, commercial real estate and race horses. Docket No. 239.

On July 18, 2016, this Court signed an Order Concerning Discovery and Pretrial Motions (Docket No. 185). In that Order, various deadlines were imposed upon the Government to disclose all materials required by Fed. R. Crim. P. 16, *Brady* and *Giglio*. In addition, the defendants were required to disclose certain material if they chose to engage in reciprocal discovery.

On or about September 30, 2016, the Government states it provided fourteen disks of discovery containing all materials received via the Grand Jury subpoena process, pertinent phone calls captured via Title III surveillance, with corresponding line sheets, photographs, search warrant affidavits, evidence logs, and reports of investigation regarding seizures of controlled substances and money. An additional five disks of discovery was delivered on or about October 3, 2016 containing additional Title III intercepts and line sheets. The Government now states it has completed the "dump" of computers, cellphones, and other electronic devices seized on June 16, 2016 pursuant to search warrants. The information has not been analyzed by the Government, but it constitutes sixteen terabytes of information.

Numerous motions to dismiss and motions for bills of particulars have been filed. The Court ruled on these motions during a lengthy hearing on October 6, 2016. In addition, the Court granted a motion for continuance. Trial is now set in this case to begin February 6, 2017. A status conference is scheduled for November 16, 2016 at 9:30 a.m. Another status conference is set for December 15, 2016 at 1:30 p.m. A hearing to consider any motions for severance is scheduled for January 18, 2017 at 1:30 p.m. The Court directed all the attorneys to confer and propose a new scheduling order to control the disclosure of evidence, exhibit lists, experts and witnesses. The parties have not yet filed a new proposed scheduling order.

**Court Proposal to Appoint a Special Master**

Considering the complexity of this case, the number of defendants, the amount of discovery to be reviewed, and the difficulties and/or misunderstandings the parties have already encountered, on October 13, 2016 the Court advised all parties in this case that the Court was considering appointing a Special Master. Most of the Defendants responded that they consented to the appointment of a Special Master. The Government advised that although they do not oppose the appointment of a Special Master, funding and contractual constraints would restrict the appointment of a Special Master that would insist upon payment for these services.

**ORDER**

Considering all of the above, the Court appoints Magistrate Judge Henry Bemporad as Special Master in this case for the following purposes:

1. Drafting a report to the Court that discloses (a) what discovery the various parties have exchanged (i.e. general descriptions of the information, amount or size of data, type of data, etc.), (b) any difficulties encountered by the defendants in accessing the discovery (i.e. Government program only allows PC-based equipment (no MAC compatibility), data disclosed in a format that is not text-searchable, etc., (c) what, if any, improvements can be made to make Government disclosures in the future more efficient to review.
2. Managing and supervising discovery involving electronic information or data.
3. Directing, managing and facilitating conferences with counsel for the Government and counsel for the Defendants to determine what, if any, discovery obligations have not been met by the Government.
4. Directing, managing and facilitating conferences with counsel for the Government and counsel for the Defendants to determine what, if any, discovery obligations have not been met by the Defendants.
5. Hearing evidence on any discovery disputes and issuing rulings. Each party will retain the right to file objections with the district court regarding any such rulings.

The Special Master will be empowered to communicate on an ex parte basis with a party for purposes of seeking to maintain the confidentiality of privileged information or for routine scheduling and other matters which do not concern the merits of the parties' claims. The Special Master may communicate with the Court ex parte on all matters as to which the Special Master has been

empowered to act. The Special Master shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

The parties will be ORDERED to give the Special Master their full cooperation and to promptly provide the Special Master access to any and all files, documents, media, systems, databases and personnel (including technical staff and vendors) which the Special Master deems necessary to complete his duties.

The disclosure of privileged or protected information connected with the litigation to the Special Master shall not be a waiver of privilege or a right of protection in this cause and is also not a waiver in any other Federal or State proceeding; accordingly, a claim of privilege or protection may not be raised as a basis to resist such disclosure.

In addition, the Court appoints Gene Albert and Karsten Weber of Lexbe, Inc., 8701 MoPac Expressway, Suite 320, Austin, Texas  78759 as technical advisors to the Special Master.  Messrs. Albert and Weber have graciously agreed to serve in this capacity on a pro bono basis.  The technical advisors will assist the Special Master with understanding any technology issues associated with the production of any electronically stored information.  The Technology Advisors shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

SIGNED this 18th day of October, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE